BACON *v.* THE COUNTY OF WAYNE.

The county is not liable to an attorney for defending a prisoner at the request of the court, where the prisoner is poor and unable to employ counsel.

CASE reserved from Wayne Circuit Court.

*J. M. Howard,* for Bacon.

*Stewart, prosecuting attorney,* for the county.

*By the court,* GREEN, J.    A poor person was brought before a magistrate in the city of Detroit, charged with the crime of murder.    The magistrate, having satisfied himself that the prisoner was unable to employ counsel to defend him, requested Mr. Bacon, an attorney and counsellor of this court, to undertake the prisoner's defence, which he did. The prisoner was indicted and tried for the offence in the circuit court for the county of Wayne, and Mr. Bacon acted as his counsel on the trial. For these services Mr. Bacon charged the county of Wayne fifty dollars, and presented his account therefor to the board of county auditors, who rejected the claim.    From the decision of the board of auditors the claimant appealed to the circuit court for the county of Wayne, where the question was reserved for the opinion of this court.    On the argument of the case here, it was conceded by the counsel for the appellant that this was not a strictly legal claim against the county, but it was insisted that it was so manifestly just and meritorious in its character, that the board of auditors ought to have allowed it: that the prisoner, being charged with one of the highest crimes known to the law, involving, if found guilty, the utmost punishment inflicted for any crime except treason, and being wholly unable to employ counsel to assist in his defence, must have been entirely undefended, and perhaps unjustly convicted and punished, had not counsel been provided for him, unless some one should have volunteered in his defence as a matter of charity, which it is claimed ought not to be expected of counsel: that under these circumstances, it is due to the administration of justice, and required by the plainest principles of humanity, that counsel be provided

to defend the accused, and paid by the county as a part of its just expenses in the administration of the criminal laws.

The board of auditors for the county of Wayne, and the boards of supervisors of the other counties, are authorized, and it is made their duty, to examine, settle and allow all accounts *chargeable* against their respective counties. R. S., ch. 14, secs. 3 and 29. And when any claim of any person against a county is disallowed, in whole or in part, such person is authorized to appeal from the decision of the board disallowing it, to the circuit court for the same county. *Id.*, secs. 24 and 32. Appeals from these boards are to be heard and determined in a summary manner by the courts to which they are taken. *Id.*, sec. 26.

Whether it is proper for the board of auditors, under any circumstances, to allow a claim in favor of an individual, which could not be enforced by an action at law or a suit in equity, because they shall think it morally right and just that it be paid by the county, we do not feel called upon now to decide. It is very certain, however, that if the board should allow such a claim, no appeal can be taken in behalf of the county from their determination.

Supposing them to possess the large discretion claimed for them by the appellant in this case, does it follow that the circuit court, in reviewing their decision on appeal, can control the exercise of such a discretion? I apprehend not. The court acts judicially in determining the appeal, and unless expressly authorized to be governed by its own sense of what is right and just in the premises, it acts only as the exponent of established principles of legal or equitable right, and pronounces in each case, according to the circumstances attending it, the judgment of the law, and not its own sense of what the law ought to be.

The only question for the circuit court to determine in this case, is, whether the claim disallowed by the auditors is a legal charge against the county: and, it being conceded that it is not strictly so, the decision of the board of auditors appealed from ought to be affirmed, and judgment rendered in favor of the county against the appellant for costs.

*Certified accordingly.*