*In re* FREDERICK

Docket No. 126643. Submitted October 10, 1990, at Grand Rapids. Decided October 25, 1990. Leave to appeal granted, 437 Mich —.

James A. Frederick, a private attorney, was appointed as appellate counsel for an indigent criminal defendant, David Cook, who had been convicted in Presque Isle Circuit Court. Following completion of his representation of Cook, Frederick submitted a bill for his fees and expenses to Joseph P. Swallow, chief judge of the Twenty-sixth Judicial Circuit Court, who refused to order the county to pay Frederick any part of the bill. Frederick brought an action for superintending control in the Court of Appeals, seeking an order directing Judge Swallow to direct the county to pay Frederick's fees and expenses. Presque Isle County intervened as a defendant. The Michigan Appellate Assigned Counsel System was permitted to appear as an amicus curiae.

The Court of Appeals *held:*

Superintending control lies only where there is a clear legal duty requiring the lower court to act. A court cannot require a county to pay the cost of counsel without some specific legislative authority. The present statutory scheme does not mandate compensation by a county of a roster attorney appointed to represent an indigent criminal defendant on appeal where the attorney so appointed was not also the trial attorney. Since there was no clear legal duty requiring the circuit court to order the county to pay Frederick's bill for legal services, an order of superintending control is inappropriate.

Complaint dismissed.

CRIMINAL LAW — APPEAL — APPOINTED COUNSEL — ATTORNEY FEES — SUPERINTENDING CONTROL.

A circuit court cannot require a county to pay the cost of appointed counsel without some specific legislative authority;

REFERENCES

Am Jur 2d, Attorneys at Law §§ 242, 244.

Right of attorney appointed by court for indigent accused to, and the court's power to award, compensation by public, in absence of statute or court rule. 21 ALR3d 819.

there exists no statutory mandate requiring a county to pay an attorney appointed from the roster of private attorneys for his representation of an indigent criminal defendant on appeal where that attorney was not also appointed as trial counsel; accordingly, since there exists no clear legal duty on the part of the county to pay such attorney fees, there exists no duty on the part of a circuit court to order the payment of such fees; the failure of a circuit court to order payment under such circumstances will not support the issuance of an order of superintending control.

*Mack Brothers* (by *John P. Mack*), for the plaintiff.

*Judge Joseph P. Swallow,* in propria persona.

*Donald J. McLennan,* Prosecuting Attorney, for Presque Isle County.

Amicus Curiae:

*Barbara R. Levine,* for Michigan Appellate Assigned Counsel System.

Before: MacKenzie, P.J., and Sawyer and R. B. Burns,* JJ.

Per Curiam. This is an action for superintending control. Plaintiff is a private attorney appointed as appellate counsel for an indigent defendant, David Cook, who had been convicted in Presque Isle County. At the completion of his postconviction representation of Cook, plaintiff submitted to defendant, the chief judge of the Twenty-sixth Judicial Circuit Court of which Presque Isle County is a part, a bill for his fees and expenses in the amount of $312.65. Defendant refused to order the county to pay plaintiff any part of the bill. In this action, plaintiff and the

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

Michigan Appellate Assigned Counsel System (MAACS) ask this Court to direct defendant to order the county's payment of plaintiff's reasonable compensation. It is defendant's position that the state, not the county, is responsible for the compensation of private attorneys appointed to represent indigent criminal defendants on appeal.[1]

There is a constitutional right to appointed appellate counsel for indigent defendants in certain postconviction proceedings, including an appeal as of right. See *Douglas v California,* 372 US 353; 83 S Ct 814; 9 L Ed 2d 811 (1963). See also *People v Mallory,* 378 Mich 538; 147 NW2d 66 (1967); MCR 6.425(E), (F); Const 1963, art 1, § 20.

The Appellate Defender Act, 1978 PA 620, MCL 780.711 *et seq.*; MSA 28.1114(101) *et seq.*, created a mixed system of indigent appellate representation. The act authorized the Office of the State Appellate Defender and also mandated the development of a roster of private attorneys eligible to provide appellate representation. MCL 780.712(6); MSA 28.1114(102)(6) provides that the appointment of appellate attorneys for indigents is to be made by the trial court either from the roster of eligible private attorneys, to be compiled by the Appellate Defender Commission,[2] or by referral to SADO.

[1] A third alternative is that the roster attorneys receive compensation from neither the state nor the counties. Our Supreme Court has stated that nonpayment of appointed counsel violates the constitutional rights of neither the appointed attorney nor the indigent defendant he or she represents. *In the Matter of the Attorney Fees of Sheldon M Meizlish,* 387 Mich 228; 196 NW2d 129 (1972).

[2] The Commission's establishment of MAACS to compile and maintain the roster, as well as the promulgation of minimum standards for indigent criminal appellate defense services, was approved by the Supreme Court in 1981 with the caveat that "the operation of the system and enforcement of the standards pursuant to the system requires that the Legislature appropriate funds necessary to implement the system." Administrative Order No. 1981-7, 412 Mich lxv (1981), affirmed in part and modified in part by Administrative Order No. 1985-3, 421 Mich lxvii (1985). Funds for the MAACS office have

Every third, fourth, or fifth appointment must be made to SADO. Supreme Court Administrative Order No. 1989-3, 432 Mich cxx (1989). All other appointments must be made to roster attorneys. *Id.* It is undisputed that SADO attorneys are to be compensated by the state. MCL 780.718(a); MSA 28.1114(108)(a). The Appellate Defender Act is silent as to the compensation of appointed roster attorneys such as plaintiff. Similarly, Administrative Order No. 1989-3 makes no mention of how roster attorneys are to be paid.

MCL 775.16; MSA 28.1253 provides:

> When a person charged with having committed a felony appears before a magistrate without counsel, and who has not waived examination on the charge upon which the person appears, the person shall be advised of his or her right to have counsel appointed for the examination. If the person states that he or she is unable to procure counsel, the magistrate shall notify the chief judge of the circuit court in the judicial district in which the offense is alleged to have occurred, or the chief judge of the recorder's court of the city of Detroit if the offense is alleged to have occurred in the city of Detroit. Upon proper showing, the chief judge shall appoint or direct the magistrate to appoint an attorney to conduct the accused's examination and to conduct the accused's defense. *The attorney appointed by the court shall be entitled to receive from the county treasurer, on the certificate of the chief judge that the services have been rendered, the amount which the chief judge considers to be reasonable compensation for the services performed.* [Emphasis added.]

Previous panels of this Court have assumed,

---

been appropriated by the Legislature as part of the judiciary budget since 1984. 1984 PA 222; 1985 PA 104; 1986 PA 214; 1987 PA 131; 1988 PA 323; 1989 PA 181; 1990 PA 208. The appropriations do not include compensation for roster attorneys.

without deciding, that the above emphasized statutory language mandates reasonable compensation by counties for appellate services provided by private attorneys. See *In re Attorney Fees of Burgess,* 69 Mich App 689; 245 NW2d 348 (1976); *In re Attorney Fees of Mullkoff,* 176 Mich App 82; 438 NW2d 878 (1989), lv den 433 Mich 869 (1989); *In re Attorney Fees of Jamnik,* 176 Mich App 827; 440 NW2d 112 (1989); *In re Attorney Fees of Jacobs,* 185 Mich App 642; — NW2d — (1990). Our Supreme Court has also made this assumption; it recently summarily affirmed *Jamnik* on the authority of *Mullkoff.* 434 Mich 882; 452 NW2d 209 (1990).

It may be inferred from the Appellate Defender Act that the state is not responsible for roster attorneys' compensation. As noted above, the act mandates a mixed system of indigent appellate representation, containing both roster attorney and SADO components, but authorizes state funding only for the compensation of SADO attorneys. The clear implication of this legislative decision is that the funding for the remaining component of the mixed system—the roster attorneys—was expected to come from some source other than the state.[3]

The question then becomes whether § 16 of the portion of the Code of Criminal Procedure relating to fees, MCL 775.16; MSA 28.1253, constitutes a legislative mandate that counties compensate assigned appellate counsel. Section 16 provides:

---

[3] This interpretation of the Appellate Defender Act is borne out by the historical context in which the act was passed. In each of the six years prior to the passage of the Appellate Defender Act, in the year the act was passed, and in the year subsequent to the act's passage, the Legislature appropriated grant monies "for [partial] reimbursement to counties for attorney fees actually paid for defense of indigent citizens on criminal appeal." See 1972 PA 237; 1973 PA 128; 1974 PA 238; 1975 PA 318; 1976 PA 257; 1977 PA 91; 1978 PA 405; 1979 PA 195. This language makes apparent the Legislature's understanding that appointed appellate counsel other than SADO attorneys were to be paid in the first instance by the counties, not the state.

When *a person charged* with having committing a felony appears before a magistrate without counsel, . . . the person shall be advised of his or her right to have counsel appointed for the examination. . . . Upon proper showing, the chief judge shall appoint or direct the magistrate to appoint an attorney . . . *to conduct the accused's defense.* The attorney appointed by the court shall be entitled to receive from the county treasurer . . . reasonable compensation for the services performed. [Emphasis added.]

The following section, § 17, MCL 775.17; MSA 28.1254, provides:

An attorney shall not, in such case, be compelled to follow a case into another county or into the supreme court, but if he does so, may recover an enlarged compensation to be fixed by the court.

The plain language of § 16 suggests that counties are responsible for compensating appointed trial counsel, but not appointed appellate counsel. An indigent defendant taking an appeal as of right no longer stands as "a person charged" or an "accused"; he or she stands convicted and sentenced. The plain language of § 17 clearly governs appointed appellate counsel, but limits compensation to the attorney "in such case," apparently referring to the trial attorney appointed under § 16. In this case, plaintiff was not appointed trial counsel for David Cook. Under the plain language of these sections, he is therefore not entitled to compensation from the county for his postconviction representation of Cook.[4]

We do not know if this was the result the

---

[4] Defendant argues that § 17 was superseded by the Appellate Defender Act. We reject this argument. We find nothing in the Appellate Defender Act to rebut the presumption against repeal by

Legislature contemplated when it mandated the appointment of roster attorneys under the Appellate Defender Act.[5] We note, however, that the Legislature has foregone at least two opportunities to preclude this result. With the passage of the Appellate Defender Act, the Legislature could also have passed companion legislation requiring counties to compensate assigned roster attorneys who did not represent their clients in the trial court. It chose not to. Moreover, § 16 was amended by the Legislature two years after the passage of the Appellate Defender Act. 1980 PA 506. The Legislature still did not see fit to add a clear mandate that the counties must provide compensation for assigned roster attorneys.

Our research has found that, in at least two jurisdictions with statutes similar to § 16's authorization of compensation to an attorney appointed "to conduct the accused's defense," courts have interpreted the word "defense" to include the taking of an appeal. *State v Hudson,* 55 RI 141; 179 A 130; 100 ALR 313 (1935); *Marks v Superior Court for the County of Los Angeles,* 245 Cal App 2d 779; 54 Cal Rptr 169 (1966). The statute at issue in *Marks* required the county to compensate counsel in "any case in which counsel is assigned in the [trial] court to defend a person." The *Marks* court stated:

> The services performed by assigned counsel on behalf of a client in an appellate court do not, by

---

implication. See *People v Waterman,* 137 Mich App 429; 358 NW2d 602 (1984). Furthermore, even if the Appellate Defender Act were held to supersede § 17, the fact remains that the act is silent on the question of compensation of roster attorneys. Reading § 16 and the Appellate Defender Act together merely mandates appointment of counsel at the trial and appellate levels, with trial counsel to be compensated by the counties and SADO attorneys to be compensated by the state.

[5] See n 3. Appropriations for such grant monies ceased in 1980.

the sole factor of a transfer of jurisdiction to a higher court, become any less defensive than the services discharged in the lower court. In a criminal action we assume the attorney assigned to represent a defendant is at all stages of the trial proceedings and appellate proceedings representing and defending his client. Whether we use the terms "defending in the trial court" or "prosecuting an appeal," it would appear, under the common and usual meaning of the word "defend," that assigned counsel in the appellate department of the superior court is "defending" his client within the provisions of section 987a.

While the composition of section 987a may be awkward, it is our opinion that it cannot be taken to be so restrictive in meaning as to exclude counsel assigned to represent an indigent defendant before the appellate department of the superior court. [245 Cal App 2d 783.]

We find this reasoning compelling. In an appropriate case, we would adopt the *Marks* approach and hold that a broad reading of § 16 implies that counties should compensate assigned roster attorneys for their appellate services.

This is an action for superintending control, however. The relief plaintiff seeks may be had only where the lower court has failed to perform a clear legal duty. See *People v Flint Municipal Judge,* 383 Mich 429, 432-432; 175 NW2d 750 (1970). It appears that the "clear legal duty" urged by plaintiff and MAACS is in reality nothing more than a long-standing and widely held assumption that counties would compensate assigned appellate counsel.[6] In light of the plain language of § 16, the

---

[6] Plaintiff observes that, by issuing Administrative Order No. 1989-3, requiring trial courts to appoint roster attorneys as appellate counsel, our Supreme Court must have expected that roster attorneys be compensated by either the counties or the state. The observation is well-taken but inapposite. Administrative Order No. 1989-3 imposed upon the trial courts a clear legal duty to appoint roster attorneys. It

Legislature's failure to act following passage of the Appellate Defender Act, and our Supreme Court's determination in *Bacon v Wayne Co,* 1 Mich 461 (1850), that a court cannot require a county to pay the cost of counsel without some specific legislative authority,[7] we can find no clear legal duty on the part of defendant to order the county to provide compensation to plaintiff.[8] Accordingly, we must dismiss plaintiff's complaint.

Complaint dismissed.

---

did not impose upon the counties or the state a clear legal duty to compensate those roster attorneys.

[7] In addition to *Bacon,* see Anno: *Construction of state statutes providing for compensation of attorney for services under appointment by court in defending indigent accused,* 18 ALR3d 1074.

[8] Indeed, what little clarity there may be on the question of compensation of assigned roster attorneys may be dispelled by referring to MCL 600.9947; MSA 27A.9947, obligating the state to assume financial responsibility for its court system, or the Headlee Amendment, Const 1963, art 9, §§ 25 and 29. In regard to the latter, we note that the effective date of the Appellate Defender Act (and its mandate for the creation of the roster attorney system) postdates the effective date of the Headlee Amendment.