# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Attorney Fees of KENNETH M. MALKIN

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BRIAN ANDREW CZEKAI,

        Defendant,

and

KENNETH M. MALKIN,

        Appellant.

UNPUBLISHED
January 11, 2018

No. 335495
Bay Circuit Court
LC No. 14-010060-FH

*In re* Attorney Fees of KENNETH M. MALKIN

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BRUCE ANDREW SCHERZER,

        Defendant,

and

KENNETH M. MALKIN,

        Appellant.

No. 335496
Bay Circuit Court
LC No. 14-010506-FC

Before: METER, P.J., and BORRELLO and BOONSTRA, JJ.

-1-

PER CURIAM.

In these consolidated appeals,[1] court-appointed attorney Kenneth M. Malkin (appellant) appeals by delayed leave granted[2] the orders of the trial court denying his motions for additional attorney fees for his representation of two indigent criminal defendants. The Criminal Defense Attorneys of Michigan (CDAM) has filed an amicus curiae brief in support of appellant's brief in this matter. We reverse and remand for further proceedings.

In Docket No. 335495, defendant Brian Czekai was charged with embezzling money from his employer. In February 2014, appellant, who was with the Bay County Public Defender's Office at the time, was appointed to represent defendant Czekai. Appellant retired in September 2014 but continued to represent defendant Czekai in accordance with an agreement with Bay County. The case involved voluminous financial records, and appellant obtained a court-ordered expert to assist the defense in reviewing and understanding those records. Following a four-day jury trial in December 2015, the jury acquitted defendant Czekai.

Thereafter, the trial court awarded appellant $5,850 in attorney fees for 90 hours of legal services. Appellant moved for additional fees, providing an itemized timesheet showing that he had 151 billable hours. Appellant concluded that, at the $65.00-an-hour rate afforded to assigned counsel in Bay County, he was entitled to a total of $9,815.00 in fees. He therefore requested that he be awarded an additional $3,965.00. Appellant provided specific examples of the tasks he performed, including that he "had to review and analyze, on multiple occasions, 6 months of daily financial records with 3 shifts per day in order to properly[] investigate the case and prepare for trial." Defendant maintained that "[t]his was a highly complex case involving numerous financial records that took approximately 15 months to retrieve from the complainant through the prosecutor and subsequently analyze."

At the motion hearing, the court noted that it had appointed an expert for the purpose of assisting counsel in understanding the financial records. Appellant maintained that he still had to review the records himself. Eventually, the trial court recalled that the expert was compensated for 20 hours for reviewing the records and indicated that counsel's compensable hours for record review should be limited to that amount. In denying appellant additional attorney fees, the court stated:

It was a four day trial, I don't think it was every day, but if it was that's 32 hours. Twenty hours of records and that would still give you—how many hours

---

[1] *In re Attorney Fees of Kenneth M Malkin*, unpublished order of the Court of Appeals, entered May 10, 2017 (Docket Nos. 335495 and 335496).

[2] *In re Attorney Fees of Kenneth M Malkin*, unpublished order of the Court of Appeals, entered March 24, 2017 (Docket No. 335495); *In re Attorney Fees of Kenneth M Malkin*, unpublished order of the Court of Appeals, entered March 24, 2017 (Docket No. 3354956).

-2-

did I pay you for—90. That would still give you 50 hours for everything else—well, 40 hours for everything else, which I think is plenty.

In Docket No. 335496, defendant Bruce Scherzer was charged with six counts of criminal sexual conduct for alleged sexual conduct with his daughter. In August 2014, appellant was appointed to represent Scherzer through the Bay County Public Defender's Office. As with defendant Czekai, appellant continued to represent defendant Scherzer following his retirement in accordance with an agreement with Bay County. Following a four-day jury trial in July 2015, the jury acquitted Scherzer.

After appellant submitted a bill of services to the trial court claiming 249 compensable hours, the court sent appellant a letter questioning whether a reasonable attorney "would have spent 249 hours, which equals 6.2 full 40 hour weeks for the preparation and trial." The court requested that appellant provide "a bill which reasonably describes the actual services you provided." In a response letter, appellant maintained that "[t]he time on my invoice is the time that I actually worked;" he provided additional justification, such as feedback he received from Michigan attorneys, for his requested fee.

The trial court authorized payment of $5,000 for 76.92 hours of work. The Court stated that it had "difficulty believing that Defense Counsel spent the numbers of hours on this that he claims[.]" Appellant moved the court for additional attorney fees, requesting compensation for 249 hours of work. Appellant attached an itemized timesheet and explained that the case involved numerous discovery motions, working with an expert, and reviewing the extensive amount of materials involved in the case, including "the usual police reports and transcripts but also the interview at the Child Advocacy Center, the interview of [defendant] Scherzer, the review of the SANE exam, the school records, the central dispatch records, the DHS records, transcripts of expert witnesses," and the complainant's "daily journal," which covered multiple years.

At oral argument, the court stated that the case "wasn't factually that complicated" and indicated that it was merely a matter of whether the jury believed the complainant. The court surmised that, apart from the trial, appellant was billing for "five weeks" of work; it stated: "I don't see how you could have spent that much time productively. If you did, I don't think it's a reasonable effort." In response to the court's question regarding "how much time" appellant spent on the case, appellant stated "that's why I gave you a detailed [timesheet] so you would see exactly what I did spend." The court questioned the necessity of some of appellant's discovery motions. Eventually, the court authorized "payment up to 100 hours" and awarded appellant an additional $1,500 for his representation of defendant Scherzer.

"A trial court's determination regarding the reasonableness of compensation for services and expenses of court-appointed attorneys is reviewed for an abuse of discretion." *In re Foster Attorney Fees*, 317 Mich App 372, 375; 894 NW2d 718 (2016). "A trial court abuses its discretion when it chooses an outcome that falls outside the range of principled outcomes." *People v Musser*, 494 Mich 337, 348; 835 NW2d 319 (2013). Appellant bears the burden of proving the reasonableness of his requested compensation. See *Adair v Michigan (On Fourth Remand)*, 301 Mich App 547, 552; 836 NW2d 742 (2013).

As an initial matter, we note that MCL 775.16 no longer expressly provides that assigned counsel is entitled to reasonable compensation,[3] but that both this Court and the Michigan Supreme Court have presumed that this requirement continues to exist. See *In re Foster Attorney Fees*, 317 Mich App at 376 n 1. Further, we note that MCL 775.16 calls for the appointment of counsel if a criminal defendant is eligible under the Michigan Indigent Defense Commission Act (MIDCA), MCLA 780.981 *et seq*. In turn, the MIDCA calls for the Michigan Indigent Defense Commission (MIDC) to "implement minimum standards, rules, and procedures to guarantee the right of indigent defendants to the assistance of counsel . . . ." MCL 780.991(2). One of the principles that the MIDC is to adhere to in implementing standards is that "[e]conomic disincentives or incentives that impair defense counsel's ability to provide effective representation shall be avoided." MCL 780.991(2)(b). On that matter, the MIDC currently has a proposed standard that provides for reasonable compensation to assigned counsel and gives additional guidance on how to accomplish that task.[4] For these reasons, and considering that no party expressly argues that assigned counsel does not have a statutory right to reasonable compensation, we will assume that the reasonable-compensation requirement continues to exist and we will apply the standards previously developed for that inquiry.[5]

To constitute reasonable compensation, "the compensation *actually* paid must be reasonably related to the representational services that the individual attorneys *actually* perform." *In re Recorder's Court Bar Ass'n v Wayne Circuit Court*, 443 Mich 110, 131; 503 NW2d 885 (1993). Although a trial court has wide discretion in determining reasonable compensation, it may not "simply deny" compensation for billed services without an explanation. *In re Attorney*

---

[3] MCL 775.16 previously provided that assigned counsel was to receive "the amount which the chief judge considers to be reasonable compensation for the services performed." MCL 775.16, as amended by 1980 PA 506. Effective July 1, 2013, however, MCL 775.16 provides:

> When a person charged with having committed a crime appears before a magistrate without counsel, the person shall be advised of his or her right to have counsel appointed. If the person states that he or she is unable to procure counsel, the magistrate shall appoint counsel, if the person is eligible for appointed counsel under the Michigan indigent defense commission act.

[4] See http://michiganidc.gov/wp-content/uploads/2017/10/Standards-1-8-cover-FINAL-REV.pdf (accessed December 19, 2017).

[5] Because we assume that the statutory requirement continues to exist, and because we rule that the trial court abused its discretion in awarding compensation, we decline to address the unpreserved constitutional questions raised by appellant and CDAM regarding a criminal defendant's right to effective assistance of counsel under the Sixth Amendment to the United States Constitution. See *Taylor v Auditor General*, 360 Mich 146, 154; 503 NW2d 885 (1960), overruled in part on other grounds by *Parkwood Ltd Dividend Housing Ass'n v State Housing Dev Authority*, 468 Mich 763, 773-774; 664 NW2d 185 (2003) ("[F]ew principles of judicial interpretation are more firmly grounded than this: a court does not grapple with a constitutional issues except as a last resort.")

*Fees of Jamnik*, 176 Mich App 827, 831-832; 440 NW2d 112 (1989). Accordingly, a trial court must "either award the requested fees, or articulate on the record its basis for concluding that such fees are not reasonable." *In re Ujlaky*, 498 Mich 890; 869 NW2d 624 (2015).[6]

Appellant and CDAM argue that the trial court abused its discretion in both cases by failing to provide an adequate explanation for its decision to substantially reduce appellant's claimed hours. We agree. In Docket No. 335495, the court compensated appellant for 90 hours of work, reasoning that appellant was entitled to compensation for 32 hours pertaining to the four-day trial and 20 hours to review records, leaving "40 hours for everything else," which the court found to be "plenty." While the court offered some justification for the attorney fee award, it did not consider the services appellant "*actually* perform[ed]." *In re Recorder's Court Bar Ass'n,* 443 Mich at 131. Indeed, it appears the court merely surmised that the case *could have* been handled in 90 hours. Appellant provided the court with a detailed, itemized bill of services and elaborated on the case's complexity in his motion for additional fees. Under those circumstances, the trial court could not "simply deny" 61 of the claimed hours. *In re Attorney Fees of Jamnik*, 176 Mich App at 831-832. And the trial court could not merely characterize the claimed amount as "unreasonable" with no explanation as to *why* any services performed by appellant were unreasonable. Indeed, given the lack of justification provided by the court, we are left to wonder what services performed by appellant and specifically delineated on his bill were unwarranted. For instance, there are numerous time entries for appellant's meetings and communications with defendant Czekai and for appellant's trial preparation. If, on remand, the trial court finds that the amount of time spent on those tasks was unreasonable, it must articulate a basis for that conclusion. In the absence of such analysis, we cannot say that the court's attorney-fee award was a principled outcome. *Musser*, 494 Mich at 348.

Similarly, in Docket No. 335496, the court repeatedly expressed its concern regarding the total amount of hours appellant spent on the case. But the court never indicated that it actually considered the individual entries on appellant's detailed timesheet. Although the court stated that the case was not factually complicated and that it merely turned on the jury's credibility determination, appellant explained the numerous interviews and records he had to review, which seemingly related to the complainant's credibility. We do not mean to suggest that the trial court must accept appellant's claimed hours at face value. The court presided over the case, and it is in the best position to determine whether the time appellant spent on the various tasks was reasonable. Granted, the trial court found that certain discovery motions brought by appellant were unreasonable. But that finding is insufficient to affirm the attorney fee award for two reasons. First, the amount of reduced total hours (149.2) is not comprised solely of time spent on discovery motions. Second, the court did not state, with specificity, which of the motions were unnecessary.

---

[6] A Supreme Court order is binding precedent if it was "a final Supreme Court disposition of an application, and the order contains a concise statement of the applicable facts and the reason for the decision." *People v Crall*, 444 Mich 463, 464 n 8; 510 NW2d 182 (1993). We find that the Court's order in *Ujlaky* satisfies that standard and therefore we consider it binding precedent.

Although the trial court abused its discretion, we note that extensive analysis by the court is not required but that it must indicate *how* the claimed hours are being adjusted. See *In re Attorney Fees of Jacobs*, 185 Mich App 642, 647; 463 NW2d 171 (1990) ("The court did not simply reduce the total fee requested by forty percent, as claimed by the parties, but adjusted the hours claimed line by line . . . ."). In *In re Attorney Fees of Jacobs*, the Court characterized the "revised hours and dollar amounts" as reflecting "the careful exercise of discretion." *Id*. Here, the trial court's revision was simply not specific enough in light of the detailed, itemized bill. On remand, the trial court shall award appellant his requested compensation "or articulate on the record its basis for concluding that such fees are not reasonable." *In re Ujlaky*, 498 Mich 890.

Appellant asks us to require trial courts to apply the factors adopted in *Wood v Detroit Auto Inter-Ins Exch*, 413 Mich 573; 321 NW2d (1982), when awarding reasonable compensation. In *Wood*, which concerned an attorney's right to recover a reasonable fee under the no-fault act, our Supreme Court adopted the following factors to consider in determining a reasonable attorney fee: "1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client." *Id*. at 588 (quotation marks and citation omitted). In *Smith v Khouri*, 481 Mich 519, 530-531; 751 NW2d 472 (2008), which concerned MCR 2.403(O)(6), allowing a party to recover "a reasonable attorney fee" as part of case-evaluation sanctions, the Supreme Court updated the procedure courts should follow in determining a reasonable fee. Although we have, in unpublished opinions,[7] applied the *Wood* factors and the procedure set out in *Smith* when reviewing attorney-fee awards to assigned counsel, we decline appellant's invitation to require trial courts to do so. First, we are cognizant that the Michigan Supreme Court once declined to adopt "any specific definition or formula for determining or calculating 'reasonable compensation' " for appointed attorneys. *In re Recorder's Court Bar Ass'n*, 443 Mich at 129. Second, as noted, the MIDC has a statutory duty to implement standards that ensure indigent defendants receive effective assistance of counsel. MCL 780.991(2). Again, there is currently a proposed standard outlining how assigned counsel should be compensated. Moreover, it is notable that the MIDCA contemplates minimal judicial involvement with indigent-defense delivery systems. See MCL 780.991(1)(a). Considering that the MIDC is in the process of developing a standard pertaining to the compensation for assigned counsel, and that the Supreme Court has declined to adopt a specific formula for determining reasonable compensation, we will not hold that trial courts must consider the *Wood* factors or follow the procedure outlined in *Smith*. However, given the discretion traditionally afforded to trial courts on these matters, we do not preclude trial courts from considering that caselaw in awarding court-appointed attorneys reasonable compensation.

---

[7] Unpublished opinions may be persuasive but they are not binding authority. MCR 7.215(C)(1); *Paris Meadows LLC v City of Kentwood*, 287 Mich App 136, 144 n 3; 783 NW2d 133 (2010).

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Patrick M. Meter
/s/ Stephen L. Borrello
/s/ Mark T. Boonstra