*In re* ATTORNEY FEES OF MULLKOFF

Docket No. 108737. Submitted February 8, 1989, at Lansing. Decided March 20, 1989. Leave to appeal applied for.

Attorney Douglas A. Mullkoff was appointed by the Genesee Circuit Court as appellate counsel for Vechem Elvis Canamore, who was convicted of criminal sexual conduct. Mullkoff filed a claim in the trial court for his fees and expenses and submitted an itemized statement in support of the claim. The trial court, Judith A. Fullerton, J., awarded Mullkoff an amount which was less than the claim after reducing the number of hours claimed for review of the trial transcript and preparation of the appellate brief and disallowing fees and expenses claimed for an in-prison conference with his client, oral argument before the Court of Appeals, and attendance at the hearing on the prosecution's motion to set a date for resentencing. Mullkoff filed, and the trial court denied, a motion for full payment of attorney fees and expenses. Mullkoff appealed.

The Court of Appeals *held:*

The statute which authorizes the appointment of an attorney to represent an indigent defendant imposes an obligation on the trial court to determine and award reasonable compensation for the appointed attorney. The trial court's determination as to reasonable compensation for services and expenses will not be disturbed on appeal absent an abuse of discretion. Here, the trial court did not abuse its discretion in reducing the number of hours claimed for review of the trial transcript and preparation of the appellate brief. However, the trial court abused its discretion in denying Mullkoff's reasonable claim for fees and expenses related to the conference in prison, oral argument before the Court of Appeals, and the prosecution's motion to set a resentencing date.

Affirmed in part, reversed in part and remanded for payment of additional fees and expenses to attorney Mullkoff.

REFERENCES

Am Jur 2d, Attorneys at Law §§ 243, 244.

Construction of state statutes providing for compensation of attorney for services under appointment by court in defending indigent accused. 18 ALR3d 1074.

ATTORNEY AND CLIENT — COURT-APPOINTED COUNSEL — COMPENSA-
TION — APPEAL.
> The statute which authorizes the appointment of an attorney to represent an indigent, criminal defendant imposes an obligation on the trial court to determine and award reasonable compensation for the appointed attorney; the trial court's determination as to reasonable compensation for services and expenses will not be disturbed on appeal absent an abuse of discretion (MCL 775.16; MSA 28.1253).

*Douglas R. Mullkoff,* in propria persona.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

Amicus Curiae:

*Barbara R. Levine,* for Michigan Appellate Assigned Counsel System.

Before: GILLIS, P.J., and SULLIVAN and GRIFFIN, JJ.

GRIFFIN, J. Douglas A. Mullkoff appeals as of right from a lower court order denying his motion for full payment of attorney fees and expenses he claimed as a criminal defendant's assigned appellate counsel. Counsel claimed appellate attorney fees in the sum of $1,992.50 together with expenses of $130.30. The lower court reduced the number of hours claimed for review of the trial transcript and for writing the appellate brief. In addition, the court completely disallowed time and expenses claimed for an in-prison client conference, oral arguments in the Court of Appeals, and attendance at the hearing on the prosecutor's motion to set a date for resentencing. We affirm the lower court's reduction of the hours claimed

for review of the transcript and brief writing but reverse the lower court's denial of time and expenses incurred for the in-prison client conference, Court of Appeals oral argument, and attendance at the prosecutor's motion hearing to set a date for resentencing. Accordingly, we affirm in part, reverse in part and remand.

I

On August 7, 1986, Genesee Circuit Judge Judith A. Fullerton appointed defense counsel Douglas A. Mullkoff to represent indigent defendant Vechem Elvis Canamore on appeal of a conviction for third-degree criminal sexual conduct. Following his appointment, attorney Mullkoff conferred with his client in person at the Ionia State Prison, filed an appellate brief with this Court, attended oral arguments in this Court, appeared at the prosecuting attorney's motion hearing to set a date for resentencing, and attended the resentencing hearing. After resentencing, attorney Mullkoff submitted to Judge Fullerton an itemized statement of attorney fees of $1,992.50 (39.85 hours at $50 per hour) and expenses of $130.30 for a total requested sum of $2,122.80. The lower court, however, authorized and made payment in the sum of only $1,030. In an order dated May 6, 1988, and in a subsequent opinion dated July 20, 1988, Judge Fullerton denied all attorney fees and expenses incurred for the in-prison client conference (4.5 hours at $50 an hour plus 205 miles at 22 cents per mile), attendance at oral argument (5.25 hours at $50 an hour[1] plus 126 miles at 22 cents per mile), and attendance at the hearing on the prosecutor's motion to set a date for resentencing (2.5

_____
[1] The lower court order contains a multiplication error as to this sum.

hours at $50 an hour plus 108 miles at 22 cents per mile). In addition, Judge Fullerton made minor reductions as to counsel's claimed hours for review of the trial transcript and for brief writing. As to those hours accepted, the lower court did not dispute the reasonableness of the hourly rate ($50 per hour) or mileage rate (22 cents per mile) claimed by attorney Mullkoff.

II

Compensation for court-appointed counsel in Michigan is governed by MCL 775.16; MSA 28.1253, which in part provides:

> The attorney appointed by the court shall be entitled to receive from the county treasurer, on the certificate of the chief judge that the services have been rendered, the amount which the chief judge considers to be reasonable compensation for the services performed.

This statute imposes an obligation on the lower court to determine and award *reasonable compensation* for court-appointed attorneys. The determination of the lower court as to reasonable compensation for services and expenses will not be disturbed on appeal absent an abuse of discretion. *In re Attorney Fees of William J Hayes,* 55 Mich App 30, 34; 222 NW2d 20 (1974), lv den 394 Mich 794 (1975).

In the instant case, we find no abuse of discretion in the trial court's decision to reduce attorney Mullkoff's hours for review of the transcript and drafting the appellate brief. The trial judge carefully reviewed the length of the trial transcript and determined a reasonable amount of time in which it should have been read and then added an additional hour for note taking. In regard to the

time to prepare and draft the appellate brief, the lower court likewise considered the complexity of the case and clarity of the issue. We find no abuse of discretion as to the ordered reduction of these hours.

### III

However, we rule that the trial court abused its discretion in failing to award attorney fees and expenses to attorney Mullkoff for visiting his client in prison, attending oral argument in this Court, and appearing at the prosecutor's motion hearing to set a date for resentencing.

In 1981, the Michigan Supreme Court promulgated minimum standards for indigent criminal appellate defense services. Administrative Order No 1981-7, 412 Mich lxxxiv-xci. The relevant portions provide:

> 1. Counsel shall, to the best of his or her ability, act as the defendant's counselor and advocate, undeflected by conflicting interests and subject to the applicable law and rules of professional conduct.
>
> * * *
>
> 3. Except in extraordinary circumstances, counsel shall interview the defendant in person on at least one occasion during the initial stages of representation.
>
> * * *
>
> 16. Counsel should request and appear for oral argument. In preparation for oral argument counsel shall review the briefs of both parties, file supplemental pleadings as warranted, and update his or her legal research.

These minimum standards apply "to all counsel appointed to represent indigents on appeal after

February 1, 1982." 412 Mich xciii. Further, such standards were affirmed by the Michigan Supreme Court in Administrative Order No 1985-3. 421 Mich lxvii.

The commission's commentary regarding client visits is instructive:

> Client interviews serve numerous purposes. They may reveal significant facts not on the record or even the fact that parts of the record are missing. They may confirm or eliminate claims of error. Interviews serve to alert counsel to circumstances which make dismissing the appeal the defendant's wisest choice. They afford the defendant the opportunity to meet the person upon whose performance his or her future depends. Personal interviews are crucial to establishing the trust and rapport which are the essence of a successful attorney-client relationship. Meeting one's client for a discussion of the case seems on its face to be a fundamental aspect of professional conduct. The commission felt strongly that attorneys must be prepared to visit their clients wherever they may be incarcerated. Compensation for travel expenses must be considered a basic cost of providing assigned appellate counsel. Court of Appeals judges who responded to a questionnaire also felt that client interviews are important to effective representation on appeal. [412 Mich lxxxv.]

Our Supreme Court and the Appellate Defender Commission recognize the importance of the in-person client interview to the attorney-client relationship. Such interviews foster confidence in the effectiveness and fairness of the judicial system to criminal defendants. In addition, the demeanor of the client may alert counsel to avenues of appeal which may not be apparent by correspondence or telephone. We therefore find that the trial judge abused her discretion in failing to allow compensation for the attorney-client conference.

We also assign error to the trial judge in disallowing compensation for attending appellate oral argument. The minimum standards for indigent criminal appellate defense services encourage assigned appellate defense counsel to request and appear at oral argument. Although oral argument may not be necessary in every case, appellate strategy is the province of counsel, not the court.[2]

Under the Michigan Court Rules, any party who has filed a timely brief on appeal and requested oral argument is entitled to oral argument. MCR 7.101(K). Accordingly, defendant Canamore had a right to have his attorney attend oral argument on his appeal. It was improper for the trial court to deny compensation for implementation of this right.

Finally, we address the denial of attorney fees and expenses incurred for attending the hearing on the prosecutor's motion to reschedule sentencing. Under our Code of Professional Responsibility, attorney Mullkoff was required to attend all court hearings affecting his client. DR 6-101(A)(3).[3] It is undisputed that, absent instructions to the contrary from the court, attorney Mullkoff was required to attend the hearing. It was only after the hearing that attorney Mullkoff was advised by the lower court that his appearance could have been waived by a court-approved telephone conference. The denial of reasonable compensation to attend a scheduled court hearing is an abuse of discretion.

IV

We recognize that the constitutional guarantees

[2] As to the conflict of the trial judge from whom the appeal is taken approving payment for appellate services, see generally ABA, Standards for Criminal Justice (1980), Standard 5-2.4 and commentary.

[3] Also see, Michigan Rules of Professional Conduct, Rule 1.3, effective October 1, 1988.

to counsel (US Const, Am VI; Const 1963, art 1, § 20) and equal protection (US Const, Am XIV; Const 1963, art 1, § 2) may be compromised by an unreasonable refusal to compensate for essential services of appointed defense counsel. We, however, do not address such constitutional issues. Rather, we hold that the lower court order, in part, violates the statutory right to reasonable compensation for assigned appellate counsel.

Affirmed in part, reversed in part and remanded. The Genesee Circuit Court is hereby ordered to authorize and tender within twenty-eight days additional payment to attorney Douglas A. Mullkoff in the sum of $709.08.