*In re* ATTORNEY FEES OF JAMNIK

Docket No. 107084. Submitted October 19, 1988, at Lansing. Decided May 1, 1989.

Harold B. Hunter was convicted of armed robbery in the Genesee Circuit Court. Thomas Jamnik was then appointed by the trial court to represent Hunter on appeal. Mr. Jamnik visited Hunter in prison in the Upper Peninsula, filed a claim of appeal and brief, and orally argued the case in the Court of Appeals. The Court of Appeals affirmed Hunter's conviction and Mr. Jamnik petitioned the trial court for payment of $1,412.22 in fees and expenses. The trial court, Philip C. Elliott, J., awarded Jamnik $87.50 for transcript review, $19.60 for photocopying, $2.12 for postage and $300 for ten hours of research and briefing at $30 per hour. The total award was $409.22. The court refused to award any compensation for counsel's meeting with his client or for oral argument. Jamnik appealed.

The Court of Appeals *held*:

The trial court did not abuse its discretion in granting the award of $409.22. However, it abused its discretion in denying any compensation for counsel's meeting with his client or for counsel's oral argument. The award of $409.22 is affirmed and the matter is remanded for a determination of reasonable compensation for the client visit and oral argument and entry of an appropriate order.

1. ATTORNEY AND CLIENT — CRIMINAL LAW — APPOINTED APPELLATE COUNSEL — ATTORNEY FEES.

The determination of a trial court as to reasonable compensation for services rendered by appointed appellate counsel for an indigent defendant will not be disturbed on appeal absent an abuse of discretion; it is an abuse of discretion to simply deny any compensation for services which are inherent in the attorney-client relationship, such as counsel's meeting with his

REFERENCES

Am Jur 2d, Attorneys at Law §§ 243, 244.

Construction of state statutes providing for compensation of attorney for services under appointment by court in defending indigent accused. 18 ALR3d 1074.

client or counsel's oral argument, provided for in the minimum
standards for indigent criminal appellate defense services pro-
mulgated by the Michigan Supreme Court, and contemplated in
the trial court's own indigent attorney fee schedule (Supreme
Court Administrative Order 1981-7).

2. ATTORNEY AND CLIENT — CRIMINAL LAW — APPOINTED APPELLATE
   COUNSEL — ATTORNEY FEES.

  Factors considered in determining reasonable compensation for
  services rendered by appointed appellate counsel for an indi-
  gent defendant are: (1) the complexity and difficulty of the case
  and the time and expense of counsel which can be reasonably
  justified, (2) the trial court's policy as to compensation, and (3)
  the minimum standards for indigent criminal appellate defense
  services promulgated by the Michigan Supreme Court (Su-
  preme Court Administrative Order 1981-7).

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *Robert E. Weiss,* Prose-
cuting Attorney, and *Donald A. Kuebler,* Chief,
Appellate Division, for appellee.

*O'Dea & Jamnik, P.C.* (by *Thomas Jamnik*), for
appellant.

Amicus Curiae:

*Michigan Appellate Assigned Counsel System*
(by *Barbara R. Levine*).

*Criminal Defense Attorneys of Michigan* (by
*Frank D. Eaman*).

Before: MICHAEL J. KELLY, P.J., and MACKENZIE
and S. B. MILLER,* JJ.

S. B. MILLER, J. Thomas Jamnik appeals as of
right from the trial court's order denying in sub-
stantial part his petition for payment of fees and
expenses.

Defendant, Harold B. Hunter, was convicted of

* Circuit judge, sitting on the Court of Appeals by assignment.

armed robbery by a jury in Genesee County and was sentenced to a prison term of six to twenty years. Thomas Jamnik was appointed by the trial court to represent the defendant on appeal. Mr. Jamnik visited the defendant at Kinross Correctional Facility in the Upper Peninsula, filed a claim of appeal and brief, and orally argued the case in the Court of Appeals. Defendant's conviction was affirmed and Mr. Jamnik petitioned the trial court for payment of $1,412.22 in fees and expenses. The particulars of that petition were:

| Services Rendered | | Hours | |
|---|---|---|---|
| Transcript review | | 3.5 | |
| Client visit | | 13.0 | |
| Brief on appeal | | 12.8 | |
| Oral argument | | 4.0 | |
| Research for brief | | 14.4 | |
| | Total Hours | 47.7 | |
| Fee requested—47.7 hours at $25 per hour | | | $1,192.50 |
| Actual Expenses | | | |
| Client visit | 540 miles × $ .30 per mile | | $162.00 |
| Oral argument | 120 miles × $ .30 per mile | | 36.00 |
| Photocopying | 196 pages × $ .10 per page | | 19.60 |
| Postage | | | 2.12 |
| | Total Expenses | | $219.72 |
| | Total Amount Requested | | $1,412.22 |

Genesee Circuit Court has an indigent attorney fee schedule which reads in pertinent part as follows:

Effective
January 1, 1981

GENESEE COUNTY CIRCUIT COURT
INDIGENT ATTORNEY FEE SCHEDULE

*APPELLATE COURT*

Basic rate of $30.00 per hour; attorney to furnish detailed verified petition specifying; the ultimate

fee to be set by trial judge depending upon necessity and merit.

1. The date upon which claimed unit of time was expended.
2. The nature of the work done, (i.e., research, drafting brief, proofreading, conference with client, travel time, oral argument,
3. Hours to be computed to nearest 1/10th of an hour.
4. Time records must be accurate and based upon notations made at the time the work is done. Guessing and estimating when the work is completed will not be considered sufficient.
5. $350 maximum for appeal of guilty plea.
6. Travel time not to exceed $100 in consulting with clients incarcerated by the Department of Corrections in the lower peninsula of Michigan.

\*\* Extraordinary Services (to be set by judge)
\* All Fees and Expenses Subject to Review of the Court

In a written opinion and order, the trial court awarded Mr. Jamnik $87.50 for transcript review, $19.60 for photocopying, $2.12 for postage, and $300 for ten hours of research and briefing at $30.00 per hour. The total awarded by the trial court was $409.22.

The law pertinent to such cases is not particularly difficult or involved. MCL 775.16; MSA 28.1253 provides for court appointment of counsel for an indigent defendant charged with a felony. In part, it provides:

The attorney appointed by the court shall be entitled to receive from the county treasurer, on the certificate of the chief judge that the services have been rendered, the amount which the chief judge considers to be reasonable compensation for the services performed.

The determination of the trial court as to reasonable compensation for services will not be disturbed on appeal absent an abuse of discretion, *In the Matter of Attorney Fees of William J Hayes,* 55 Mich App 30, 34; 222 NW2d 20 (1974), lv den 394 Mich 794 (1975).

We believe the following factors should be considered in determining reasonable compensation:

1. The complexity and difficulty of the case and the time and expense of counsel which can reasonably be justified.

2. The trial court's policy as to compensation.

3. The minimum standards for indigent criminal appellate defense services promulgated by the Michigan Supreme Court in Administrative Order 1981-7, 412 Mich lxxxiv-xci.

In this case, the trial judge considered the brief on appeal and the merit of the issues raised. He considered the amount of time necessary for research and preparation by a reasonably competent attorney. He determined the number of hours for research and briefing which he felt could reasonably be justified and ordered that the time be compensated at the rate provided for in the court's indigent attorney fee schedule. In this regard, we find no abuse of discretion.

However, the trial judge refused to award any compensation for counsel's meeting with his client or for counsel's oral argument. Such services are inherent in the attorney-client relationship, provided for in the minimum standards for indigent criminal appellate defense services, and contemplated in the trial court's own indigent attorney fee schedule. While the determination of what is reasonable compensation for such services is left to the sound discretion of the trial court, it is an abuse of discretion to simply deny any compensa-

tion for such services. Accord, *In re Attorney Fees of Mulkoff,* 176 Mich App 82; 440 NW2d 112 (1989).

We affirm the award of $409.22 but remand for a determination of reasonable compensation for client visit and oral argument and entry of an appropriate order.[1] We do not retain jurisdiction.

---

[1] In so doing, we note that such fee disputes would be minimized by clearly written court policies sufficiently detailed to address common areas of misunderstanding. The court's policy should be provided to counsel upon appointment. For example, Genesee County's fee schedule provides a $100 limit on travel time for a client visit in Lower Peninsula prisons. It says nothing about the obvious question of Upper Peninsula client visits. It says nothing about what, if any, expenses are covered or at what rate they might be paid. It provides for extraordinary fees but says nothing about whether counsel should bring extraordinary matters to the court's attention before expenses are incurred. We urge trial courts to review their policies and to update them from time to time to help minimize disputes.