*In re* ATTORNEY FEES OF KLEVORN

(PEOPLE v KOSCIECHA)

Docket No. 121333. Submitted August 9, 1990, at Grand Rapids. Decided October 2, 1990. Leave to appeal applied for.

Following his representation of indigent criminal defendant John Kosciecha in a criminal matter in Charlevoix Circuit Court, attorney Kevin G. Klevorn submitted a request for the payment of nearly $10,000 in attorney fees and a request for the payment of $2,605.89 for Kosciecha's accident reconstruction expert. Klevorn had signed contracts with Charlevoix County to accept indigent criminal appointments for which he had received monthly payments. The request for the expert witness fee was submitted despite the fact that the trial court, Richard M. Pajtas, J., had denied a pretrial motion for the payment of such fee. The trial court denied the request for the payment of the expert witness fees and awarded Klevorn only $1,830.50 in additional fees. Kosciecha and Klevorn appealed.

The Court of Appeals *held:*

1. The trial court did address the issue of reasonable compensation. Since the contract to accept indigent criminal appointments expressly addressed the situation which occurred here, the trial court's original approval of that contract, and Klevorn's as well, in addition to the court's opinion ordering additional fees under the contract terms, constituted a determination that the fee provided by its terms was reasonable. The trial court did not abuse its discretion.

2. Establishing a fixed fee schedule for assigned counsel does not violate the lawyer's due process and equal protection rights or the indigent defendant's rights to counsel, appeal, due process, and equal protection.

3. The denial of payment of the expert witness fee was an

REFERENCES

Am Jur 2d, Attorneys at Law §§ 243, 244; Criminal Law §§ 955, 1006.

Right of indigent defendant in criminal case to aid of state by appointment of investigator or expert. 34 ALR3d 1256.

Construction of state statutes providing for compensation of attorney for services under appointment by court in defending indigent accused. 18 ALR3d 1074

abuse of discretion. The trial court should have granted the motion to appoint the accident reconstruction expert since Kosciecha argued that the tests and conclusions of the prosecution's experts were faulty, that their results were in error, and that their testing procedures were inadequate. The trial court's finding regarding the payment of such fees is reversed.

Affirmed in part and reversed in part.

1. ATTORNEY AND CLIENT — ATTORNEY FEES — COURT-APPOINTED COUNSEL.

An attorney appointed by the court is entitled to receive from the county treasurer, on the certificate of the chief judge that the services have been rendered, the amount which the chief judge considers to be reasonable compensation for the services performed; the determination as to reasonable compensation will not be disturbed on appeal absent an abuse of discretion (MCL 775.16; MSA 28.1253).

2. ATTORNEY AND CLIENT — ATTORNEY FEES — COURT-APPOINTED COUNSEL.

A trial court's original approval of a contract for an attorney to accept indigent criminal appointments and the attorney's agreement to its terms may be found to constitute a determination by the court that the contract provides reasonable compensation for the subjects it covers.

3. ATTORNEY AND CLIENT — FIXED FEE SCHEDULES — COURT-APPOINTED COUNSEL.

The establishment of a fixed fee schedule for assigned counsel does not violate assigned counsel's due process and equal protection rights or an indigent defendant's rights to counsel, appeal, due process, and equal protection.

4. CRIMINAL LAW — WITNESSES — EXPERT WITNESSES — INDIGENT DEFENDANTS.

A trial court erred in refusing an indigent defendant's request for the appointment of an expert at public expense where the defendant argued that the expert was necessary to respond to the testimony of the prosecution's expert and argued that the tests and conclusions of the prosecution's expert were faulty, that the results were in error, and that the testing procedures were inadequate (MCL 775.15; MSA 28.1252).

*Kraag C. Lieberman,* Prosecuting Attorney, for the people.

*Klevorn, DuBois & Klevorn* (by *Kevin G. Klevorn*), in propria persona and for John Kosciecha.

Before: DANHOF, C.J., and SULLIVAN and NEFF, JJ.

PER CURIAM. Defendant John Kosciecha and attorney Kevin G. Klevorn appeal as of right a Charlevoix Circuit Court order denying counsel fees and expert witness fees. We affirm in part and reverse in part.

Attorney Klevorn signed annual contracts with Charlevoix County to accept indigent criminal appointments for trial purposes for 1988 and 1989. In September, 1988, Klevorn was assigned to represent defendant John Kosciecha, who was charged with open murder, arising out of the death of Kosciecha's girl friend in July, 1987. Following his preliminary examination, Kosciecha was bound over on the lesser charge of involuntary manslaughter. After numerous pretrial motions were heard, Kosciecha's six-day jury trial concluded with a verdict of not guilty. The trial court subsequently denied attorney Klevorn's request to the circuit court for total payment of nearly $10,000 in attorney fees and expenses pursuant to the terms of the 1989 contract, as well as a request for payment of $2,605.89 for Kosciecha's accident reconstruction expert.

Under the contracts with Charlevoix County, Klevorn received monthly payments of $1,322.92 in 1988 and $1,442.71 in 1989 for a total of $33,187.50 over the two-year period. The contracts also provided reimbursement for extraordinary expenses, e.g., long-distance telephone calls and mileage. The 1988 contract, ¶ 13, provided:

Attorneys assigned under the terms of this

Agreement are obligated to see cases through to resolution, even if resolution occurs beyond the termination date of this Agreement. No additional compensation will be paid to the Attorneys for cases not resolved during the term of this Agreement.

The 1988 contract, ¶ 11, provided:

Where an attorney tries a felony case, and said trial continues beyond two days, said Attorney shall be entitled to invoice the County Treasurer for his services at the rate of $35.00 per hour commencing from the time of the commencement of the third day of said trial until its completion.

Klevorn's initial bill for attorney fees apparently requested payment under the 1989 contract for 253.4 hours (minus a fifteen-hour allowance) at $40 per hour, for a total fee of $9,536, plus $347.10 in costs. The bill was later revised to include 3.5 hours for arguing posttrial motions. The trial court responded by letter, pointing out that Klevorn had been appointed under the 1988 contract and referring to ¶ ¶ 11 and 13. The court suggested that Klevorn revise his bill and invited comment in the case. The trial court later reviewed briefs submitted by Klevorn and the prosecutor and granted additional fees of $1,830.50 pursuant to the 1988 contract.

On appeal, Kosciecha and attorney Klevorn claimed that the trial court failed to determine what was "reasonable compensation"; denied Kosciecha effective assistance of counsel; and deprived counsel of property without due process of law when it awarded attorney Klevorn attorney fees under the terms of his contract with Charlevoix County. We disagree.

MCR 6.005(D), formerly MCR 6.101(C), requires

the trial court to appoint trial counsel upon request by an indigent criminal defendant. Compensation for court-appointed counsel in Michigan is governed by MCL 775.16; MSA 28.1253, which in part provides:

> The attorney appointed by the court shall be entitled to receive from the county treasurer, on the certificate of the chief judge that the services have been rendered, the amount which the chief judge considers to be *reasonable compensation* for the services performed.

The determination of the lower court as to reasonable compensation for services and expenses will not be disturbed on appeal absent an abuse of discretion. *In re Attorney Fees of Mullkoff,* 176 Mich App 82, 85; 438 NW2d 878 (1989), lv den 433 Mich 869 (1989).

Contrary to attorney Klevorn's claim, the trial court did not fail to address the issue of "reasonable compensation" and did not give precedence to counsel's contract with Charlevoix County. Rather, its initial approval of the contract (and Klevorn's agreement to its terms) constituted a determination that the contract provided reasonable compensation for the subjects it covered. Here, the obvious import of the trial court's original approval of the contract, as well as its letter and opinion ordering additional fees under the contract terms, was its determination that the contract provided for reasonable compensation, at least under the circumstances it specifically addressed. Since ¶¶ 11 and 13 expressly address the situation which occurred here, the court's original approval of that contract (and Klevorn's as well) constituted a determination that the fee provided by its terms was reasonable.

In two recent cases before this Court, *In re*

*Mullkoff, supra,* and *In re Attorney Fees of Jamnik,* 176 Mich App 827; 440 NW2d 112 (1989), aff'd 434 Mich 882 (1990), the trial courts were held to have abused their discretion in denying assigned appellate counsel attorney fees for visiting their incarcerated clients, attending oral arguments, and, in *Mullkoff,* for attending a motion regarding resentencing. In *Jamnik, supra* at 831-832, this Court concluded: "While the determination of what is reasonable compensation for such services is left to the sound discretion of the trial court, it is an abuse of discretion to simply deny any compensation for such services."

Here, however, the trial court did not deny all fees. Compare *In re Attorney Fees of Burgess,* 69 Mich App 689; 245 NW2d 348 (1976). In addition to Klevorn's monthly stipend, the trial court ordered payment of additional fees and costs. Clearly, Klevorn received some fees for his representation of Kosciecha in the trial court; the trial court did not deny all compensation. We find that the trial court did not abuse its discretion.

Moreover, Kosciecha and attorney Klevorn's constitutional arguments have been rejected by our Supreme Court's decision in *In re Attorney Fees of Meizlish,* 387 Mich 228; 196 NW2d 129 (1972). In *Meizlish,* our Supreme Court rejected claims that Wayne County's court rule establishing a fixed fee schedule for assigned counsel violated the lawyers' due process and equal protection rights and the indigent defendants' rights to counsel, appeal, due process, and equal protection:

> Appellant's contention that he has been deprived of due process and equal protection under the United States Constitution and Michigan Constitution 1963 has been discussed and decided adversely to him by numerous courts in this country. . . .

* * *

Likewise, the courts have uniformly rejected the contention that an attorney is denied the equal protection of laws when he defends an indigent without compensation. [*Id.* at 236-237.]

Although eighteen years have passed since the *Meizlish* decision was issued, the constitutional issues remain the same, and this Court is bound by the Supreme Court's decision.

Kosciecha and attorney Klevorn next argue that the trial court's denial of payment of expert witness fees was an abuse of discretion. We agree.

MCL 775.15; MSA 28.1252 requires a defendant to show "to the satisfaction of the judge presiding over the court wherein such trial is to be had . . . [that] he cannot safely proceed to a trial [without the proposed witness]." Rulings on such motions are expressly left to the discretion of the trial court. *People v Miller,* 165 Mich App 32, 47; 418 NW2d 668 (1987).

Kosciecha first sought payment of fees for an accident reconstruction expert in a pretrial motion, arguing that an expert was necessary to respond to the testimony of the prosecution's accident reconstruction expert from the state police and that such was demonstrated by that witness' preliminary examination testimony. The trial court denied the request, finding that Kosciecha had failed to show a need for such expert. Kosciecha's subsequent motion for rehearing was also denied. Regardless, he retained the desired expert, Daniel Lee, and later presented him as a witness at trial.

Thereafter, attorney Klevorn presented Daniel Lee's bill along with his own bill for attorney fees. Klevorn subsequently filed a brief accompanied by

the affidavit of one juror stating that he had found Lee's testimony very enlightening on issues of particular concern to the jury. In its opinion and order, the trial court denied Klevorn's request for payment.

We find that the trial court should have granted Kosciecha's motion to appoint an accident reconstruction expert. Here Kosciecha argued that the tests and conclusions of the prosecution's experts were faulty, that their results were in error, and that their testing procedures were inadequate. Compare *People v Browning,* 106 Mich App 516, 528; 308 NW2d 264 (1981), lv den 419 Mich 852 (1984). Thus, we conclude that the trial court erred in refusing to appoint an expert at public expense, and reverse the trial court's findings regarding the payment of the fees for said witness.

Affirmed in part; reversed in part.