# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BRIAN PAUL TIMKO,

        Defendant,

and

JOHN W. UJLAKY,

        Appellant.

UNPUBLISHED
November 22, 2016

No. 328374
Tuscola Circuit Court
LC No. 14-013061-FH

Before: WILDER, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

Appellant appeals as of right the trial court's order denying his motion for reconsideration of the trial court's prior order awarding attorney fees and expenses. We reverse and remand for the trial court to either award the requested fees, or articulate on the record its basis for concluding that such fees are not reasonable.

## I. FACTS

The trial court appointed appellant as counsel for defendant in defendant's "post-conviction proceedings."[1] After his representation was complete, appellant filed a MAACS[2] voucher requesting attorney fees and expenses. Appellant requested a total of $3,012 in fees, for 50.2 hours of work at a rate of $60 per hour, and $181.15 in expenses. When explaining the "basis of [his] request," appellant checked the box on the voucher indicating that he was filing a

---

[1] Defendant pleaded no contest to three counts of CSC-II, MCL 750.520c(1)(a) (person under 13).

[2] Michigan Appellate Assigned Counsel System.

-1-

"[m]otion for extraordinary fees" and directed the trial court to an attached billing record. The trial court ordered that appellant be paid $700 in fees and $181.15 in expenses.

Appellant moved for reconsideration, seeking an additional $2,312 in fees. Appellant believed that the trial court's fee order was entered pursuant to a strict application of a trial court payment schedule capping fees in plea cases at $700. Appellant claimed that the policy allowed the "Chief Judge [to] approve reimbursement for fees in excess of the max if the att[orney] submits a written request which sets out excess fees and states the issues that made the case 'unusual' or 'complex.' " Appellant argued that he provided the trial court with information necessary to invoke this exception. Further, appellant questioned the merits of the policy, as well as arguing that the $700 he was awarded, a payment of $13.94 an hour for 50.2 hours of work, was unreasonable.

The trial court denied appellant's motion for reconsideration.

## II. ANALYSIS

We review for an abuse of discretion a trial court's decision on a motion for reconsideration. *Churchman v Rickerson*, 240 Mich App 223, 233; 611 NW2d 333 (2000). We also review the determination of the lower court as to reasonable compensation for court appointed services and expenses for an abuse of discretion. *In re Attorney Fees of Mullkoff*, 176 Mich App 82, 85; 438 NW2d 878 (1989). "A court abuses its discretion when it selects an outcome outside the range of reasonable and principled outcomes." *People v Waclawski*, 286 Mich App 634, 645; 780 NW2d 321 (2009).

Appointed attorneys in criminal cases are entitled to reasonable attorney fees. See, e.g., *In re Ujlaky*, 498 Mich 890; 869 NW2d 624 (2015).[3] To determine what attorney fees are reasonable, the trial court should consider: (1) "[t]he complexity and difficulty of the case and the time and expense of counsel which can reasonably be justified"; (2) "[t]he trial court's policy as to compensation"; and (3) "[t]he minimum standards for indigent criminal appellate defense services promulgated by the Michigan Supreme Court in Administrative Order 1981-7, 412 Mich lxxxiv-xci." *In re Attorney Fees of Jamnik*, 176 Mich App 827, 831; 440 NW2d 112 (1989).

Here, in his MAACS voucher requesting fees, defendant merely checked the box on the indicating that he was filing a "[m]otion for extraordinary fees" and directed the trial court to an attached billing record, rather than actually filing said motion for extraordinary fees. Thus, whether he actually moved for extraordinary fees in anything other than his motion for reconsideration is debatable.

---

[3] This entitlement was found in a prior version of MCL 775.16. Since its recent amendment, MCL 775.16 no longer explicitly provides that an attorney appointed to represent an indigent defendant is entitled to reasonable compensation. However, our Supreme Court, in *In re Ujlaky* nevertheless referenced the reasonableness of compensation to appointed counsel, indicating that the entitlement remains.

Nevertheless, in *In re Ujlaky*, 498 Mich 890, counsel there submitted only a billing statement with his MAACS voucher when requesting extraordinary fees and our Supreme Court still remanded the matter to the trial court for a determination of the reasonableness of the attorney fee requested. In that case, "[t]he trial court applied the county's fee schedule, which capped compensation for plea cases at $660, but did not address at all the reasonableness of the fee in relation to the actual services rendered, as itemized by the appellant." *Id*. at 890. That is the precise scenario here. And, like the *Ujlaky* Court, we find remand to the trial court for either an award of the requested fees or articulation on the record its basis for concluding that such fees are not reasonable, the appropriate remedy.

Appellant also argues that the trial court violated the takings clause of the Fifth Amendment when it only paid him the county maximum of $700 for his services. The US and Michigan Constitutions "prohibit the taking of private property for public use without just compensation." *Wayne Co Bd of Comm'rs v Wayne Co Airport Auth*, 253 Mich App 144, 183; 658 NW2d 804 (2002). See US Const, Am V; Const 1963, art 10, § 2. Other states, as appellant argues, have held that " 'attorneys' services are property, and are thus subject to Fifth Amendment protection.' " See, e.g., *Ex Parte Brown*, 393 SC 214, 222; 711 SE2d 899 (2011), quoting *State v Smith*, 242 Kan 336, 370; 747 P2d 816 (1987).

Recently, this Court reiterated that a salary constitutes property, *ATF Mich v State*, ___ Mich App ___; ___ NW2d ___ (2016) (Docket Nos. 303702; 303704; 303706); slip op at 12-14, lv pending, and "where government directly seizes property in which a person has a property interest, a Fifth Amendment taking occurs requiring the government to pay just compensation," *id*. at ___; slip op at 12. But unlike that case, where the employees "had a contract based property right in their own wages," *id.*, appellant's compensation had yet to be determined. Indeed, pursuant to the trial court's policy and relevant authority, the precise amount of that compensation was a matter to be determined after the work had been performed.

Appellant also argues that the trial court violated defendant's Sixth Amendment right to the effective assistance of counsel in paying appellant only $700 in fees. Although the MIDCA recognizes that a defendant's right to the effective assistance of counsel may be impacted by "[e]conomic disincentives," MCL 780.991(2)(b), low pay for appointed counsel does not violate a defendant's Sixth Amendment rights. In *In re Meizlish*, 387 Mich 228, 240; 196 NW2d 129 (1972), the Michigan Supreme Court, citing *State v Rush*, 46 NJ 399; 217 A2d 441 (1966), stated:

> We agree with the New Jersey court that an indigent defendant is not deprived of his constitutional rights ["to the aid of counsel"[4]] by the appointment of unpaid counsel. Dedication and diligence to a client's cause should not be altered because of the payment of a higher fee. Judging by the numerous complaints received by the State Bar Grievance Administrator, the payment of minimum fees does not insure the quality of work from retained counsel. Most

---

[4] *Rush*, 46 NJ at 405.

attorneys are dedicated and will zealously protect the rights of any client they defend.

Thus, appellant's constitutional arguments are without merit.

Reversed and remanded for the trial court to either award the requested fees, or articulate on the record its basis for concluding that such fees are not reasonable. We do not retain jurisdiction.

/s/ Kurtis T. Wilder
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto