# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* ATTORNEY FEES OF JOHN W. UJLAKY

---

PEOPLE OF MICHIGAN,

      Plaintiff,

v

THEODORE ONTONIO PRICE,

      Defendant,

and

JOHN W. UJLAKY

      Appellant.

UNPUBLISHED
April 27, 2017

No. 331067
Berrien Circuit Court
LC No. 2013-004730-FC

---

Before: BECKERING, P.J., and MARKEY and SHAPIRO, JJ.

PER CURIAM.

Appellant, John Ujlaky, appeals as of right the trial court's order granting only part of the extraordinary attorney fees he requested for legal services rendered as defendant Theodore Price's court-appointed appellate counsel. Because Ujlaky failed to carry his burden of proving his entitlement to additional extraordinary appellate attorney fees, we affirm.

## I. PERTINENT FACTS

The trial court appointed Ujlaky as counsel for defendant's appeal of his no-contest pleas to unarmed robbery, MCL 750.530(1), and felony-firearm, MCL 750.227b. The trial court had sentenced defendant to 71 months to 15 years' imprisonment for unarmed robbery and two years' imprisonment for felony-firearm, and ordered him to pay a $750 fine, $1,000 in court costs, $400 in restitution, a $130 victim's rights fee, and $68 in state cost. Ujlaky filed a delayed application for leave to appeal. In lieu of granting the application, this Court remanded the case back to the trial court "for consideration of whether its imposition of $1,000 in court costs in the judgment of sentence should be vacated in light of *People v Cunningham*, 496 Mich 145; 852

-1-

NW2d 118 (2014)."[1]  On remand, the trial court affirmed its imposition of $1,000 in court costs, but vacated its imposition of the $750 fine.  Ujlaky then filed another application for leave to appeal on his client's behalf.  In lieu of granting the application, this Court again remanded the case "to the trial court to allow defendant to move for determination of whether costs imposed were reasonably related to actual costs" in light of *People v Konopka*, 309 Mich App 345; 869 NW2d 651 (2015).[2]  On remand, the trial court found that the $1,000 court cost it had previously imposed on defendant was reasonably related to the actual costs incurred by the court.

Ujlaky then submitted a Michigan Appellate Assigned Counsel System (MAACS) Statement of Service and Order for Payment of Court Appointed Counsel to the Berrien Circuit Court.  The Berrien County maximum for appeals involving plea agreements that do not go to trial is $700.  Ujlaky requested a total of $2,994.20 in fees, $354.20 of which were for expenses and the remaining $2,640 were for attorney fees (52.8 hours x $50 per hour, the hourly rate set by Berrien County).  Ujlaky checked the box next to "Motion for extraordinary fees (attach copy)."  Below this box, Ujlaky wrote "See Attached Itemization," and attached an itemized billing list to his MAACS form.    The trial court ordered Berrien County to pay Ujlaky $1,000 in fees and $354.20 in expenses, for a total of $1,354.20.

Ujlaky filed a motion for reconsideration of the trial court's grant of only $300 in extraordinary fees above the $700 maximum.  Although his motion is not in the record submitted on appeal to this Court, we glean from the trial court's written order that Ujlaky argued, at least in part, that the trial court failed to consider the reasonableness of the fees requested, and instead shirked its duty to use its discretion by adhering too rigidly to the standard fee schedule.  Ujlaky also noted that, as things stood, the court would not incur any expense for Ujlaky's services, as the $1,000 in court costs imposed on defendant covered the entirety of Ujlaky's awarded professional fee.

In denying Ujlaky's motion for reconsideration, the trial court asserted that it had indeed read and considered Ujlaky's MAACS form and departed from the standard fee schedule, as evidenced by the court's decision to exceed the maximum fee for appeals by $300.  The court further noted that Ujlaky had failed to meet his burden to show where the court had committed a palpable abuse of discretion, and that, but for the error, the court would have paid Ujlaky more.

---

[1] *People v Price*, unpublished order of the Court of Appeals, issued October 2, 2014 (Docket No. 323270).

[2] *People v Price*, unpublished order of the Court of Appeals, issued March 31, 2015 (Docket No. 325142).

## II. ATTORNEY FEES

### A. STANDARD OF REVIEW

Ujlaky's sole argument on appeal is that the trial court erred by refusing to award him the entire amount in extraordinary fees that he requested. We review for an abuse of discretion a trial court's determination regarding the reasonableness of compensation for services and expenses of court-appointed attorneys. *In re Foster*, ___ Mich App ___, ___; ___ NW2d ___ (2016) (Docket No. 327707); slip op at 2. "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Ronnisch Constr Group, Inc v Lofts on the Nine, LLC*, 499 Mich 544, 552; 886 NW2d 113 (2016).

### B. ANALYSIS

A court-appointed lawyer is entitled to reasonable compensation for representing an indigent defendant on appeal. See *Recorder's Court Bar Ass'n v Wayne Circuit Court*, 443 Mich 110, 122; 503 NW2d 885 (1993).[3] "The party requesting an award of attorney fees bears the burden of proving the reasonableness of the fees requested." *Adair v Michigan (On Fourth Remand)*, 301 Mich App 547, 552; 836 NW2d 742 (2013) (quotation marks and citation omitted). In *Smith v Khouri*, 481 Mich 519, 529; 751 NW2d 472 (2008), our Supreme Court explained that the reasonableness of attorney fees depends on "the totality of special circumstances applicable to the case at hand." The *Smith* Court directed trial courts to consider the factors laid out in *Wood v Detroit Auto Inter-Ins Exch*, 413 Mich 573, 588; 321 NW2d 653 (1982) and Michigan Rules of Professional Conduct (MRPC) 1.5(a) when determining the reasonableness of requested fees. *Smith*, 481 Mich 529-530. The *Smith* Court also set forth the procedure courts should use when applying these factors. *Id*. at 530-534.

Ujlaky argues that the trial court abused its discretion by failing to employ the procedure set forth in *Smith* or to consider any of the factors listed in *Wood, Smith*, or MRPC 1.5(a) before denying his request for extraordinary fees. He relies on the Michigan Supreme Court's favorable decision in *In re Attorney Fees of Ujlaky*, 498 Mich 890; 858 NW2d 479 (2015) to argue that the trial court was obligated either "to award the requested fees, or articulate on the record its basis for concluding that such fees are not reasonable."

In order to properly analyze this case, it is helpful to consider how the appellate courts have handled Ujlaky's prior requests for extraordinary attorney fees in other criminal assignments. In *In re Ujlaky*, unpublished opinion per curiam of the Court of Appeals, issued October 23, 2014 (Docket Nos 316494, 316809), this Court affirmed the trial court's denial of Ujlaky's request for an award of extraordinary fees in two separate cases. On September 30,

---

[3] Although "MCL 775.16 was recently amended and no longer explicitly provides that an attorney appointed to represent an indigent appellant is entitled to reasonable compensation," the Michigan Supreme Court recently "referred to the reasonable compensation requirement . . . which indicates that the requirement still exists." *In re Foster* ___ Mich App at ___; slip op at 3 n 1.

2015, the Supreme Court denied leave in Docket No. 316809, *In re Ujlaky*, 498 Mich 892; 869 NW2d 617 (2015)[4], but it reversed this Court's judgment in Docket No. 316494, *In re Ujlaky*, 498 Mich 890; 869 NW2d 624 (2015), and remanded for further evaluation by the trial court.

In Docket No. 316809, after rendering appellate services, Ujlaky submitted a request for attorney fees in the amount of $4,207.50 on a MAACS form, checked the box titled "Motion for extraordinary fees (attach copy)," and "attached a statement of the hours expended and services provided." *Ujlaky*, unpub op at 7. He did not attach a motion to his MAACS form, nor did he later file a motion for payment of extraordinary fees. The trial court authorized payment of the maximum flat fee for that county of $660. This Court concluded that Ujlaky had failed to carry his burden, reasoning: "Ujlaky did not attach a motion to the MAACS form as required and, thus, never offered any explanation beyond a mere recitation of his proposed billing to the court regarding the apparent extraordinary nature of the services rendered and the reasonableness of the fees sought." This Court denied appellate relief and the Supreme Court denied leave.

In Docket No. 316494, Ujlaky followed the same procedure as set forth above, with one critical exception. In addition to submitting a request for fees totaling $2,150.05 on a MAACS form, checking the box titled "Motion for extraordinary fees (attach copy)," and attaching a statement of hours expended and services provided, Ujlaky filed a formal motion, and the trial court held a hearing on the matter. *Id*. at 2-3. This Court noted that, when denying the motion, the trial court "failed to explicitly address whether the fees sought were both extraordinary and reasonable." *Id*. at 7. This Court also noted, however, that Ujlaky had "failed to explain how the services rendered in the appeal in Docket No 312494 [sic] were of a character and an amount beyond those normally required in a guilty-plea appeal." *Id*. Accordingly, the Court denied appellate relief. In lieu of granting leave, the Supreme Court reversed this Court's judgment and remanded the matter to the trial court "for a determination of the reasonableness of the attorney fees requested[,]" explaining:

> The trial court applied the county's fee schedule, which capped compensation for plea cases at $660, but did not address at all the reasonableness of the fee in relation to the actual services rendered, as itemized by the appellant. See *In re Recorder's Court Bar Ass'n*, 443 Mich 110, 131; 503 NW2d 885 (1993). Although the expenditure of any amount of time beyond that contemplated by the schedule for the typical case does not, ipso facto, warrant extra fees, spending a significant but reasonable number of hours beyond the norm may. On remand, the trial court shall either award the requested fees, or articulate on the record its basis for concluding that such fees are not reasonable. See, e.g., *In re Attorney Fees of Mullkoff*, 176 Mich App 82, 85-88; 438 NW2d 878 (1989), and *In re Attorney Fees of Jamnik*, 176 Mich App 827, 831; 440 NW2d 112 (1989).

Ujlaky relies on the Supreme Court's decision in Docket No. 316494 to argue in the present case that the trial court abused its discretion by denying the full amount of his fee request

---

[4] The Supreme Court also denied Ujlaky's motion for reconsideration. *In re Ujlaky*, 499 Mich 859; 873 NW2d 557 (2016).

without articulating the basis for its implied conclusion that the fees were not reasonable. As noted, however, this case is distinguishable from the case remanded by the Supreme Court in Docket No. 316494. Specifically, in the instant matter Ujlaky did not file a formal motion[5] for extraordinary fees and no hearing was held. Ujlaky failed to file a formal motion in Docket No. 316809, and even though this Court noted that "the circumstances of this case might suggest that an award of extraordinary fees might have been in order" had he filed such a motion, *Ujlaky*, unpub op at 7, the Supreme Court denied leave as well as a motion for reconsideration.

The trial court's obligation to apply the procedure set forth in *Smith* is not triggered in the absence of a formal motion purporting to set forth authority for the extraordinary fees requested and to justify the request by showing, not just the extra time and effort spent on the case, but that the particular nature of the case necessitated such expenditure. In this way a requesting attorney can meet his or her " 'burden of proving the reasonableness of the fees requested.' " *Adair (On Fourth Remand)*, 301 Mich App at 552, quoting *Adair v Michigan (On Third Remand)*, 298 Mich App 383, 391; 827 NW2d 740 (2012), rev'd in part 494 Mich 852; 830 NW2d 383 (2013).

This Court reached similar conclusions in *In re Attorney Fees of Ujlaky*, unpublished opinion of the Court of Appeals, issued November 17, 2016 (Docket No. 329245), pp 4-5, and more recently in *In re Attorney Fees of Ujlaky*, unpublished opinion of the Court of Appeals, issued February 23, 2017 (Docket No. 330464), p 4.[6] The burden to prove that the requested

---

[5] Pursuant to MCR 2.119(A)(1), motions should generally

    (a) be in writing,

    (b) state with particularity the grounds and authority on which it is based,

    (c) state the relief or order sought, and

    (d) be signed by the party or attorney as provided in MCR 2.114.

In addition, MCR 2.119(A)(2) requires that if the motion "presents an issue of law [the motion] must be accompanied by a brief citing the authority on which it is based."

[6] In Docket No. 330464, Ujlaky filed a MAACS form requesting additional fees and expenses. He did not check the box on the MAACS form indicating that he was moving for extraordinary fees, but he did file a "motion for payment of fees." *Id*., unpub op at 2. In his motion for additional fees, however, Ujlaky "merely argued that he was entitled to extraordinary fees because he worked more hours than are ordinarily required, and he supported that assertion by attaching an itemized billing statement." *Id*. at 3. His only citation to authority was the Supreme Court's order in *In re Ujlaky*, 498 Mich 890. *Id*. In light of Ujlaky's burden of proof as set forth in the Supreme Court's order, wherein it held that the mere "expenditure of any amount of time beyond that contemplated by the schedule for the typical case does not, ipso facto, warrant extra fees," but that "spending a significant but reasonable number of hours beyond the norm may," this Court found inadequate Ujlaky's motion because he failed to attach

extraordinary fees are reasonable rests on the person requesting the fees. *Adair (On Fourth Remand)*, 301 Mich App at 552. Billing statements alone are not sufficient to prove the reasonableness of the fees requested, and a circuit court is not bound to accept them. See *Petterman v Haverhill Farms, Inc*, 125 Mich App 30, 33; 335 NW2d 710 (1983). They may substantiate an attorney's time spent and services performed, but they cannot show why the case necessarily required such time and services. As we noted elsewhere, "[b]ased on the attached document[s], the circuit court was left to find the authority either supporting or refuting Ujlaky's request, applying that authority to the facts, and then determining whether Ujlaky was legally entitled to relief." *In re Ujlaky* (Docket No. 329245), unpub op at 4; *In re Ujlaky* (Docket No. 330464), unpub op at 4.

In the present case, although Ujlaky checked the box labeled "Motion for extraordinary fees (attach copy)[,]" he did not attach a conforming motion for extraordinary fees. The billing statements he attached did not provide the legal framework for his request or apply the relevant facts to that framework for purposes of determining whether his requested fees were reasonable. Therefore, because he did not carry his burden to show that the extraordinary fees he requested were reasonable, *Adair (On Fourth Remand)*, 301 Mich App at 552, the trial court did not abuse its discretion in denying his request for the full amount of extraordinary fees requested.

Ujlaky also raises two constitutional claims. First, he contends that the trial court's denial of the full amount of extraordinary fees requested violated state and federal prohibitions against taking private property for public use without just compensation. Const 1963, art 10, § 2 and US Const, AM V. He urges this Court to do what some courts in other states have done and determine that " 'attorneys' services are property, and are thus subject to Fifth Amendment protection.' " See, e.g., *Ex Parte Brown*, 393 SC 214, 222; 711 SE2d 899 (2011), quoting *State v Smith*, 242 Kan 336, 370; 747 P2d 816 (1987). Having addressed this issue twice before, we adopt and set forth this Court's previous analysis as follows:

> Recently, this Court reiterated that a salary constitutes property, *ATF Mich v State (On Remand)*, [315] Mich App[ 602, 621-625]; ___ NW2d ___ (2016), and "where government directly seizes property in which a person has a property interest, a Fifth Amendment taking occurs requiring the government to pay just compensation," *id*. at [622]. But unlike that case, where the employees "had a contract based property right in their own wages," *id*. [at 625], appellant's compensation had yet to be determined. Indeed, pursuant to the trial court's policy and relevant authority, the precise amount of that compensation was a matter to be determined after the work had been performed. [*People v Timko*,

---

a brief in support and left to the trial court the task of finding the particular authority that would either support or refute his request for fees, applying that authority to the facts, and then determining whether he was legally entitled to relief. *Id*, at 4. Put simply, Ujlaky cannot simply check a box or file a cursory motion for additional fees without putting forth the requisite effort to substantiate his request for extraordinary fees. He bears the burden of proof, and an itemized billing statement alone is simply not enough, as it provides no grounds to discern whether his services are reasonable or whether he is simply "milking" a file.

unpublished opinion per curiam of the Court of Appeals, issued November 22, 2016 (Docket No. 328374), unpub op at 3.][7]

Next, Ujlaky contends that the denial of fair and reasonable compensation has a "prejudicial and chilling effect" on indigent defendants, as it forces qualified appellate advocates "either to refuse court appointed appeals or compromise on the quality of their representation." He asserts that "[f]ewer available court appointed appellate practitioners could easily overburden those left accepting court appointed appeals, which would risk a diminution in the quality of representation." Having also addressed this argument before, we adopt and set forth this Court's previous analysis as follows:

> Although the MIDCA[8] recognizes that a defendant's right to the effective assistance of counsel may be impacted by "[e]conomic disincentives," MCL 780.991(2)(b), low pay for appointed counsel does not violate a defendant's Sixth Amendment rights. In *In re Meizlish*, 387 Mich 228, 240; 196 NW2d 129 (1972), the Michigan Supreme Court, citing *State v Rush*, 46 NJ 399; 217 A2d 441 (1966), stated:
>
> > We agree with the New Jersey court that an indigent defendant is not deprived of his constitutional rights ["to the aid of counsel"[9]] by the appointment of unpaid counsel. Dedication and diligence to a client's cause should not be altered because of the payment of a higher fee. Judging by the numerous complaints received by the State Bar Grievance Administrator, the payment of minimum fees does not insure the quality of work from retained counsel. Most attorneys are dedicated and will zealously protect the rights of any client they defend.
>
> [*Timko*, unpub op at 3-4.]

Accordingly, Ujlaky's constitutional arguments are without merit.[10]

For the reasons stated above, by his merely attaching detailed billing statements with no correlative effort to explain the reasonableness of his requested fees under the particular

---

[7] Although unpublished opinions of the Court of Appeals are not binding precedent, MCR 7.215(C)(1), they may be considered instructive or persuasive. *Adam v Bell*, 311 Mich App 528, 533 n 1; 879 NW2d 879 (2015)

[8] Michigan Indigent Defense Commission Act, MCL 780.98 *et seq*.

[9] *Rush*, 46 NJ at 405.

[10] While we respect efforts to ensure that attorneys receive a reasonable fee when engaged in the representation of indigent criminal defendants, the burden of proof remains with the requesting attorney to establish the reasonableness of his or her fees when spending a significant but reasonable number of hours beyond the norm. Efforts to raise the county maximums for such fees must be handled in a different fashion than simply filing serial appeals.

circumstances of this case, we conclude that Ujlaky did not meet his burden of proving that the extraordinary fees he requested were reasonable. Thus, we affirm the trial court's award of fees and expenses.

Affirmed.


/s/ Jane M. Beckering
/s/ Jane E. Markey