*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re Attorney Fees of SUSAN K. WALSH.

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ELAMIN MUHAMMAD,

Defendant,

and

SUSAN K. WALSH,

Appellant.

UNPUBLISHED
March 19, 2019

No. 342933
Muskegon Circuit Court
LC No. 14-065263-FC

Before: RIORDAN, P.J., and MARKEY and LETICA, JJ.

PER CURIAM.

Attorney Susan K. Walsh appeals as of right the trial court's order granting in part and denying in part her motion for attorney fees. We reverse the trial court's order and remand the matter to the court with instructions to either (1) award all the fees requested by counsel, or (2) articulate on the record, to the extent that fees are denied, its basis for concluding that such fees are not reasonable.

In 2017, the trial court appointed Walsh as appellate counsel to represent Elamin Muhammad, who had earlier been convicted of armed robbery and felony-firearm. See *People v Muhammad*, __ Mich App __; __ NW2d __ (2018). In 2018, Walsh filed a motion with the trial court seeking payment of $1,960 in attorney fees and $194 in expenses. In that motion, Walsh explained that she had over 30 years' experience as an attorney, that she had litigated

approximately 1000 indigent criminal appeals over the past 15 years, and that she was usually paid between $1,000 and $4,000 for a criminal appeal. Walsh indicated that the *Muhammad* appeal involved over 800 pages of transcripts, a five-day bench trial, a *Daubert*[1] hearing, and a *Ginther*[2] hearing. In addition, she contended that the case involved an issue of first impression regarding STRmix software DNA analysis and that briefing the issue required several hours of research.

In the trial court, Walsh also filed an accompanying statement that provided details regarding her work on the criminal appeal. The statement reflected that Walsh had expended 49 hours of work on the appeal. Walsh requested payment of $40 per hour for 49 hours of services, totaling $1,960. Additionally, Walsh indicated that she incurred $194 in actual expenses. The trial court executed a form order, approving payment of $1,500 in attorney fees and $194 in expenses, for a grand total of $1,694 in compensation for the representation of Mr. Muhammad. The order entered by the trial court contained no explanation regarding why the court approved payment of $1,500 in attorney fees or why the court denied Walsh's request for the additional $460 in attorney fees. Walsh represents that the Muskegon County fee schedule for indigent criminal cases contains a cap of $1,000 for a trial appeal; therefore, it appears that the trial court did exercise some discretion by exceeding that cap and awarding Walsh $1,500 in fees. Walsh now appeals the trial court's order granting in part and denying in part her request for an award of attorney fees associated with her work as court-appointed appellate counsel for her client, an indigent criminal defendant.

"A trial court's determination regarding the reasonableness of compensation for services and expenses of court-appointed attorneys is reviewed for an abuse of discretion." *In re Attorney Fees of Foster*, 317 Mich App 372, 375; 894 NW2d 718 (2016). An abuse of discretion occurs when a trial court makes a decision that falls outside the range of reasonable and principled outcomes. *Id*.

On appeal, Walsh relies heavily on an order issued by the Michigan Supreme Court in the case of *In re Attorney Fees of Ujlaky*, 498 Mich 890; 869 NW2d 624 (2015), which, as is the case here, concerned the compensation of court-appointed appellate counsel. In that order, our Supreme Court stated:

> On order of the Court, the application for leave to appeal the October 23, 2014 judgment of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals as to Docket No. 316494, and we REMAND this case to the Kent Circuit Court for a determination of the reasonableness of the attorney fees requested. The trial court applied the county's fee schedule, which capped compensation for plea cases at $660, but did not address at all the reasonableness of the fee in relation to the actual services rendered, as itemized by the appellant.

---

[1] *Daubert v Merrell Dow Pharm, Inc*, 509 US 579; 113 S Ct 2786; 125 L Ed 2d 469 (1993).

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

See *In re Recorder's Court Bar Ass'n*, 443 Mich 110, 131; 503 NW2d 885 (1993). Although the expenditure of any amount of time beyond that contemplated by the schedule for the typical case does not, *ipso facto*, warrant extra fees, spending a significant but reasonable number of hours beyond the norm may. On remand, the trial court shall either award the requested fees, or articulate on the record its basis for concluding that such fees are not reasonable. See, e.g., *In re Attorney Fees of Mullkoff*, 176 Mich App 82, 85-88; 438 NW2d 878 (1989), and *In re Attorney Fees of Jamnik*, 176 Mich App 827, 831; 440 NW2d 112 (1989).[3]

We note that MCL 775.16, before its amendment pursuant to 2013 PA 94, had provided that an "attorney appointed by the court shall be entitled to receive from the county treasurer . . . the amount which the chief judge considers to be reasonable compensation for the services performed." 1980 PA 506. With the enactment of 2013 PA 94, MCL 775.16 now provides, in full, as follows:

> When a person charged with having committed a crime appears before a magistrate without counsel, the person shall be advised of his or her right to have counsel appointed. If the person states that he or she is unable to procure counsel, the magistrate shall appoint counsel, if the person is eligible for appointed counsel under the Michigan indigent defense commission act.[4]

In *Attorney Fees of Foster*, 317 Mich App at 376 n 1, which concerned the payment of appellate attorney fees to appointed counsel, this Court acknowledged the amendment of MCL 775.16, observing:

> We note that MCL 775.16 was recently amended and no longer explicitly provides that an attorney appointed to represent an indigent defendant is entitled to reasonable compensation. See MCL 775.16, as amended by 2013 PA 94,

---

[3] A peremptory order of our Supreme Court is "binding precedent when [it] can be understood." *People v Phillips (After Second Remand)*, 227 Mich App 28, 38 n 11, 575 NW2d 784 (1997); see also *People v Crall*, 444 Mich 463, 464 n 8, 510 NW2d 182 (1993) (holding that an order of the Supreme Court is binding if it is a final disposition of an application and it contains a concise statement of the Court's reasoning and applicable facts). Our Supreme Court's order in *Ujlaky* clearly satisfies these requirements and, thus, is binding on this Court.

[4] The Michigan Indigent Defense Commission Act (MIDCA), MCL 780.981 *et seq.*, was created pursuant to 2013 PA 93. The MIDCA was enacted for the purpose of establishing minimum standards, rules, and procedures relative to the delivery of indigent criminal defense services. MCL 780.991(1). The MIDCA provides, in part, that "[e]conomic disincentives or incentives that impair defense counsel's ability to provide effective representation shall be avoided." MCL 780.991(2)(b). We do note, however, that MCL 780.983(f) states that "[i]ndigent criminal defense services do not include services authorized to be provided under the appellate defender act, 1978 PA 620, MCL 780.711 to 780.719."

effective July 1, 2013. However, no party on appeal contends that Foster is not entitled to reasonable compensation. Instead, Foster contends that the trial court improperly determined his compensation. Furthermore, the Michigan Supreme Court recently referred to the reasonable-compensation requirement in an order entered after MCL 775.16 was amended, which indicates that the requirement still exists. See *In re Ujlaky Attorney Fees . . . .* Regardless, because the issue is not before this Court, we decline to address it.

Similarly, in the instant case, we are not confronted with any argument that Walsh is not entitled to reasonable compensation, nor have we been asked to address the impact of the amendment of MCL 775.16. Accordingly, we decline to address the matter, and we shall simply apply the dictates of *Attorney Fees of Ujlaky*.

The trial court failed to address the reasonableness of the attorney fees that Walsh requested but which the court did not award; consequently, we have no decision to review as to the reasonableness of the fees. As our Supreme Court did in *Attorney Fees of Ujlaky*, 498 Mich 890, we reverse the trial court's order and remand with the instruction that "the trial court shall either award the requested fees, or articulate on the record its basis for concluding that such fees are not reasonable." In assessing the reasonableness of the attorney fees requested by Walsh, we direct the trial court to take into consideration this Court's decisions in *Attorney Fees of Mullkoff*, 176 Mich App at 85-88, and *Attorney Fees of Jamnik*, 176 Mich App at 831. See *Attorney Fees of Ujlaky*, 498 Mich 890 (citing these two cases issued by this Court in remanding the matter).

We reverse and remand for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Jane E. Markey
/s/ Anica Letica

-4-